UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CR-00161-DCLC-DHI |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY GAYE MAPLES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motions to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Docs. 912, 923].

I.      **BACKGROUND**

On June 10, 2019, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine [*See* Docs. 241, 291]. Based on a total offense level of 31 and a criminal history category of IV, Defendant's guideline range was 151 to 188 months [Doc. 475, ¶ 55]. The Court sentenced Defendant below the guideline range to a term of imprisonment of 135 months [Doc. 524, pg. 2]. Defendant is currently housed at FCI Aliceville with a projected release date of February 12, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 10, 2024). She now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 923].

II.      **ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C.

1

§ 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or fewer criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Greene County General Sessions Court [Doc. 390, ¶ 47]. If sentenced today, Defendant would receive no status points under U.S.S.G. § 4A1.1, resulting in a total of 6 criminal history points rather than 8, and an amended guideline range of 135 to 168 months. Defendant's existing sentence is already at the bottom of the amended guideline range, and she did not originally receive a below-guidelines sentence based upon a qualifying governmental motion. *See* U.S.S.G. § 1B1.10(b)(2). Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III.   CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 912, 923] are **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge